**Electronically Filed**
**Intermediate Court of Appeals**
**29946**
**14-FEB-2013**
**08:36 AM**

NO. 29946

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JAMIE REGO, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 09-1-1135)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Reifurth, JJ.)


        Defendant-Appellant Jamie A.C. Rego (Rego) was charged
with harassment, in violation of Hawaii Revised Statutes (HRS)
§ 711-1106(1)(a) (Supp. 2012),[1] for spanking his eleven-year-old
daughter (Daughter) with a leather belt.  At trial, Rego asserted
the justification defense of parental discipline, as set forth in
HRS § 703-309(1) (1993).[2]  The Family Court of the First Circuit

---

[1] HRS § 711-1106(1)(a) provides:

        (1) A person commits the offense of harassment if, with
intent to harass, annoy, or alarm any other person, that person:

        (a)    Strikes, shoves, kicks, or otherwise touches another
               person in an offensive manner or subjects the other
               person to offensive physical contact[.]

[2] HRS § 703-309(1) provides:

        The use of force upon or toward the person of another
is justifiable under the following circumstances:

        (1)    The actor is the parent or guardian or other
               person similarly responsible for the general
                                                  (continued...)

(Family Court)[3] rejected Rego's parental discipline defense and found him guilty as charged. We hold that there was insufficient evidence to disprove Rego's parental discipline defense, and we reverse Rego's harassment conviction.

## I.

Rego and Daughter's mother had custody of Daughter on alternating weeks. Daughter was eleven years old, five feet two inches tall, and weighed 122 pounds.[4] Daughter was attending a party at the house of her mother's boyfriend's family, when Rego went to pick her up.[5] When Rego arrived, Daughter refused to leave with Rego, despite Rego and others in the house urging Daughter to go with Rego. Rego physically picked Daughter up and carried her outside the house, and Daughter then walked to Rego's truck. During the thirty-minute ride to Rego's house, Daughter did not speak to Rego. When they arrived at Rego's house, Daughter went to her room and began folding clothes and putting them in her bag, as if she were leaving to go somewhere.

---

[2](...continued)
care and supervision of a minor, or a person acting at the request of the parent, guardian, or other responsible person, and:

    (a)    The force is employed with due regard for the age and size of the minor and is reasonably related to the purpose of safeguarding or promoting the welfare of the minor, including the prevention or punishment of the minor's misconduct; and

    (b)    The force used is not designed to cause or known to create a risk of causing substantial bodily injury, disfigurement, extreme pain or mental distress, or neurological damage.

[3] The Honorable Wilson M.N. Loo presided.

[4] Daughter testified regarding her height and weight at trial, which was held five months after the charged incident.

[5] Rego testified that he called Daughter to determine where she was because he planned to pick her up. Daughter told Rego that she did not want to be picked up and that he was wasting her allotted cellular telephone minutes. Daughter then hung up on Rego and did not answer when he called her back. Rego called Daughter's mother who told Rego where he could find Daughter.

Rego attempted to talk to Daughter, but Daughter told Rego that she did want not to talk and ignored him. Daughter refused to respond when Rego asked her to "[t]ell me what's wrong" and "[w]hy are you giving me attitude?" Rego warned Daughter that he would discipline her if she continued to ignore him. Rego warned Daughter, "If you don't tell me what's wrong, I'm gonna grab the belt." Despite the warning, Daughter continued to give Rego the "silent treatment" and did not look at Rego or answer him.

Rego grabbed a belt and spanked Daughter three times, attempting to strike her on the buttocks. The belt struck Daughter twice on the thigh under her buttocks and once on her right forearm, when she attempted to block being hit. The two strikes to Daughter's thigh resulted in two bruises approximately an inch long that were gone in a week. The strike that hit Daughter's forearm left a four to five inch welt that was "going away already" by the next day. Rego allowed Daughter to go to her "aunty's" house, which was close by. Rego talked to Daughter at the aunty's house, and Daughter spent the night there. The next day, Daughter went to school.

Rego testified that he used the middle part of the belt to spank Daughter. He explained that he spanked Daughter to discipline her and because "[t]here were consequences and her actions is not the right way to do things."

II.

After finding Rego guilty, the Family Court sentenced him to six months of probation and imposed a $300 fine. Rego appeals from the Judgment of Conviction and Sentence (Judgment) filed by the Family Court on June 26, 2009.

On appeal, Rego argues that the Family Court erred in convicting him because: (1) there was insufficient evidence to prove that he acted with the requisite intent to harass Daughter; and (2) there was insufficient evidence to disprove Rego's parental discipline defense.

3

The State concedes that "based on precedent in this jurisdiction," there was insufficient evidence to negate Rego's parental discipline defense. We agree with this concession of error. Based on the decisions of the Hawaiʻi Supreme Court and this court, which have reversed convictions of defendants who have invoked the parental discipline defense under comparable circumstances, we conclude that there was insufficient evidence to disprove Rego's parental discipline defense. E.g., State v. Matavale, 115 Hawaiʻi 149, 165, 166 P.3d 322, 338 (2007) (holding that mother's discipline of daughter for lying to, misleading, and disrespecting mother was justified under parental discipline defense); State v. Roman, 119 Hawaiʻi 468, 481, 199 P.3d 57, 70 (2008) (holding that use of force against minor for defiant behavior was justified under parental discipline defense); State v. Robertson, No. 28683, 2009 WL 4300387 (Hawaiʻi App. Nov. 30, 2009) (holding that use of belt to disciple child for lying about misbehavior at school was justified under parental discipline defense).[6]

### III.

We reverse the Judgment of the Family Court.

DATED: Honolulu, Hawaiʻi, February 14, 2013.

On the briefs:

Setsuko Regina Gormley
Deputy Public Defender
for Defendant-Appellant

Anne K. Clarkin
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

---

[6] In light of our decision, we need not address Rego's argument that there was insufficient evidence to prove that he acted with the requisite intent to harass Daughter.